**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **BERKLEY INSURANCE COMPANY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO: 1:25-cv-174–WLS** |
| **MICHAEL A FENNESSY,** ***et al.*****,** | : | |
| **Defendants.** | : | |

**ORDER**

Before the Court are the following matters:

1. Defendant Kenneth Lee Everett, Jr.'s Motion to Set Aside Default Judgment (Doc. 12) ("Motion to Set Aside") filed March 11, 2026, and Plaintiff's response (Doc. 16) in opposition thereto; and

2. Plaintiff's Motion for Default Judgment Against Defendant Kenneth Lee Everett, Jr. (Doc. 15) ("Motion for Default Judgment").

The Court considers each Motion in turn.

## I. Background

On December 8, 2025, Plaintiff Berkley Insurance Company ("Berkley") filed a Complaint for Declaratory Judgment (Doc. 1) ("Complaint") against Michael A. Fennessy ("Fennessy") and Kenneth Lee Everett, Jr., individually and as administrator of the Estate of Elizabeth Brooks Nettum, Deceased ("Everett"). Defendant Fennessy filed an Acknowledgement of Service on February 5, 2026, and an Answer on February 20, 2026. (Docs. 6, 8). Everett filed an Acknowledgment of Service on January 30, 2026 (Doc. 5), in which he acknowledges service of the Summons and Complaint. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i),[1] Everett's response was due within twenty-one days of service of the Complaint, or, accounting for weekends, by Monday, February 23, 2026. When Everett

[1] The Acknowledgement of Service is not in the form of a waiver of service under Federal Rule of Civil Procedure 4(d).

failed to file a timely answer or other response, on March 10, 2026, the Court entered an Order (Doc. 9) requiring that on or before March 23, 2026, Berkley take such action as it deemed appropriate to further prosecute its case against Everett, or by such date to show cause why the Complaint should not be dismissed as to Everett for failure to prosecute.

Berkley timely responded by filing an Application for Entry of Default (Doc. 11) against Everett and on March 11, 2026, the Clerk's Entry of Default was docketed. The Motion to Set Aside was also filed on March 11, 2026, and the Motion for Default Judgment was filed very shortly thereafter on March 13, 2026.

## II. MOTION TO SET ASIDE

A district court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The defaulting party bears the burden of establishing good cause. *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

> Good cause is a mutable and liberal standard, not susceptible to a precise formula. Although not talismanic, factors in the analysis include whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Also instructive may be whether the defaulting party acted promptly to correct the default. A district court need make no further findings if it determines that the default was willful. We generally view defaults with disfavor due to our strong policy of determining cases on their merits.

*Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (per curiam) (cleaned up). The Court's "good cause analysis, however, does not require that each factor be satisfied." *Id.* at 739 (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Here, the default was not willful. Rather, Everett's counsel mistakenly believed that Everett's answer was not due until sixty days after service because counsel accepted and acknowledged service on behalf of Everett. The key distinction is that he acknowledged service, not that he waived service. Therefore, the sixty-day answer period under Federal Rule of Civil Procedure 4(d)(3) did not apply. There is no question, but that Everett acted promptly to correct his default. Berkley filed its motion for entry of default against Everett (Doc. 10) on

March 10, 2026.[2] The Clerk's entry of default was docketed on March 11, 2026 at 4:43 p.m. Everett's Motion to Set Aside was docketed less than two hours later on March 11, 2026 at 6:30 p.m.

Berkley contends that it will be prejudiced if the Clerk's entry of default is set aside because it "will continue to incur additional litigation expenses and experience delay in the vindication of its rights" in this declaratory judgment action as well as in the underlying action where Berkley is defending co-Defendant Fennessy under a reservation of rights with respect to a claim against Fennessy by Everett. (Doc. 16 at 14). The inquiry, however, is "whether prejudice results from the *delay*, not from having to continue to litigate the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (emphasis in original). "Moreover, there is no prejudice in requiring a plaintiff to prove his or her case." *Sherrard*, 724 F. App'x at 738. Berkley's increased costs in having to litigate are not sufficient to establish prejudice because "setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case." *Id.* at 739 (citation and internal quotation marks omitted). Examples of prejudice is where the delay causes loss of evidence, creates increased difficulties in discovery, or allows for greater opportunities for fraud or collusion. *Id.* Berkley has not argued any prejudice other than increased costs and delay because of the normal time now required to defend its claims through the normal litigation process.

Finally, Berkley contends that Everett has not asserted a meritorious defense. In doing so, Berkley basically files what would be equivalent to a motion for judgment on the pleadings—if Everett had filed an answer. Essentially Berkley would have the Court conduct a full analysis of the merits of the case. This is not appropriate nor required at this stage of the case. *See Sherrard*, 724 F. App'x at 739 (stating good cause analysis does not require that each factor be satisfied).

Here, the Court finds that the inadvertent mistake by Everett's counsel, the prompt action to correct the default, and the lack of prejudice are sufficient to show good cause to set aside the Clerk's entry of default in this matter. *See id.* (finding district court did not abuse its

[2] The Court also notes that Berkley only filed its motion for entry of default after the Court entered a show cause order (Doc. 9) as to why the case should not be dismissed as to Everett for Berkley's failure to prosecute its action as to Everett.

discretion by finding that defendant's inadvertent mistake, prompt action to correct default, and lack of prejudice were sufficient for district court to vacate clerk's entry of default).

Accordingly, Defendant Kenneth Lee Everett, Jr.'s Motion to Set Aside (Doc. 12) is **GRANTED**. On or before **Thursday, October 29, 2026**, Everett shall file his Answer (Doc. 12-6) separately in the Record.

## III. MOTION FOR DEFAULT JUDGMENT

Having determined that Everett stated good cause for granting his Motion to Set Aside, the Court finds that the Motion for Default Judgment is moot.

Accordingly, Plaintiff's Motion for Default Judgment Against Defendant Kenneth Lee Everett, Jr. (Doc. 15) **DENIED AS MOOT**.

**SO ORDERED**, this 23rd day of October 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**